PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JOHN J. MONTECALVO, ) | |
| ) | CASE NO. 4:18cv1843 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| VETERANS ADMINISTRATION, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant. ) | **AND ORDER** [Resolving ECF No. 2] |

*Pro se* Plaintiff John J. Montecalvo has filed an *in forma pauperis* complaint in this action against the Veterans Administration (VA) (now the Department of Veterans Affairs). ECF No. 1. His one-paragraph complaint is unclear and states only that he believes his civil rights were violated because of "HIV testing without [his] permission," which he believes is an "illegal search and seizure[], on or about 7 March 1995 12 March 2007." *Id.* The plaintiff does not seek clear relief. He simply states, "I hope this doesn't happen to me or anyone else." *Id.*

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001). Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See*

28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)).

Even according the plaintiff's complaint the deference to which a *pro se* pleading is entitled, it does not set forth sufficient facts to suggest he has any valid federal claim upon which the court may grant him relief. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, the United States is immune from suit unless it consents to be sued, and it has not waived its sovereign immunity and consented to be sued in damages suits for constitutional violations. *Sykes v. U.S., et al.*, 507 F. App'x 455, 461-62 (6th Cir. 2012). Although damages claims for medical malpractice by the VA may be asserted under the Federal Tort Claims Act (FTCA), a two-year statute of limitations applies to such claims. *Id.* at 460. Even had the plaintiff alleged a malpractice claim under the FTCA, it would be barred by the statute of limitations. The face of his complaint indicates any such action accrued in 2007 at the latest, which is more than two years before he filed this lawsuit in 2018.

## Conclusion

Accordingly, the plaintiff's application to proceed *in forma pauperis* in this matter (ECF No. 2) is granted, but his complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The

(1:18cv1811)

Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 December 19, 2018                            /s/ Benita Y. Pearson   
Date                                          Benita Y. Pearson  
                                               United States District Judge